**Document Electronically Filed**

Patricia M. Graham, Esq,
HERRICK, FEINSTEIN LLP
One Gateway Center
Newark, NJ 07102
Telephone: (973) 274-2005
Facsimile: (973) 274-6409
Email:  pgraham@herrick.com

Brian M. Willen, Esq.**
Jason B. Mollick, Esq.**
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, NY 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899
Email: bwillen@wsgr.com; jmollick@wsgr.com

*Attorneys for Defendant Google LLC*

*** application for pro hac vice admission to be filed*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GREGORY MALANDRUCCO and NISHA BANERJEE, | CASE NO.:  18-cv-12489 |
| Plaintiffs, | ECF Case |
| vs. | **NOTICE OF REMOVAL AND NOTICE OF RELATED CASE** |
| GOOGLE, INC., | |
| Defendant | |

TO:   United States District Court
      District of New Jersey
      Martin Luther King Building & U.S. Courthouse
      50 Walnut Street
      Newark, New Jersey 07101

WITH NOTICE TO:

      Clerk of the Court
      Superior Court of New Jersey
      Chancery Division, Hudson County
      William Brennan Courthouse
      583 Newark Avenue
      Jersey City, New Jersey 07306

      Gregory Malandrucco and Nisha Banerjee
      2935 John F. Kennedy Blvd., Ph. 07
      Jersey City, New Jersey 07306
      gregory.malandrucco@gmail.com; nb1057@nyu.edu

      PLEASE TAKE NOTICE that defendant Google LLC (erroneously sued as

Google, Inc.) ("Google"), pursuant to 28 U.S.C. § 1441(a), hereby removes the

above-captioned civil action from the Chancery Division of the Superior Court of

the State of New Jersey, Hudson County, in which the action was pending (as

case number HUD-C-100-18), to the United States District Court for the District

of New Jersey.

      ALSO PLEASE TAKE NOTICE that, pursuant to Civil Local Rule

40.1(c), this action is related to the following action currently pending in this

court: *Gregory Malandrucco v. Chicago Tribune Company, LLC*, No. 2:18-cv-
12480, which was removed from the Chancery Division of the Superior Court of
the State of New Jersey, Hudson County, on August 6, 2018. These actions were
procedurally consolidated in New Jersey Superior Court, and they are related
because the same plaintiffs, Gregory Malandrucco and Nisha Banerjee, initiated
both actions, asserting substantially identical causes of action against the
respective defendants, based on essentially the same transactions and events.
Accordingly, assignment to the same judge is appropriate under Civil Local Rule
40.1(c).

## GROUNDS FOR REMOVAL

1.      Under 28 U.S.C. § 1441(a), "any civil action brought in a State court
of which the district courts of the United States have original jurisdiction, may be
removed by the defendant or the defendants, to the district court of the United
States for the district and division embracing the place where such action is
pending."

2.      As set forth below, there are three separate and independent bases for
this Court to exercise jurisdiction. <u>First</u>, this Court has original jurisdiction over
this action under 28 U.S.C. § 1332, because there is complete diversity between
the parties and the amount in controversy exceeds $75,000. <u>Second</u>, this Court
also has original jurisdiction under 28 U.S.C. § 1331 because Plaintiffs' claims

arise under federal law.  Third, this Court can exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over any non-federal claims asserted against Google because the claims raised in this case form part of the same case and controversy as the action that Plaintiffs have brought against the Chicago Tribune Company LLC ("Tribune"), which is now pending in this Court and for which there is original jurisdiction under 28 U.S.C. §§ 1331 and 1332.  Case No. 2:18-cv-12480. ("the Tribune action").

### Venue

3.      Venue in this District is proper under 28 U.S.C. § 1441 because this District includes the New Jersey Superior Court in Hudson County, the forum in which the removed action was pending.  Venue is also proper in this vicinage because Hudson County is located in the Newark vicinage.

### Timeliness of Removal

4.      On or around July 6, 2018, *pro se* Plaintiffs Gregory Malandrucco and Nisha Banerjee filed a Complaint (the "Complaint") in the Chancery Division of the Superior Court of the State of New Jersey, Hudson County (the "Superior Court"), which was assigned case number C-100-18.  A true and correct copy of the Complaint is attached hereto as Exhibit A.

5.　　　Google first received a copy of Plaintiffs' Complaint, by U.S. mail, on July 10, 2018, and Google was personally served with Plaintiffs' Complaint on July 17, 2018.

6.　　　Thirty days have not yet elapsed from Google's receipt of the Complaint.  Removal is therefore timely pursuant to 28 U.S.C. § 1446(b).

7.　　　Google has not entered an appearance or otherwise participated in the Superior Court action.

### The Order To Show Cause With Temporary Restraints

8.　　　In addition to the Complaint, Plaintiffs also filed an *ex parte* Order to Show Cause With Temporary Restraints against Google.  See Ex. A.  On July 6, 2018, the Superior Court signed Plaintiffs' requested temporary restraining order, which purported to require Google to "de-index" (that is, remove from its search engine results) an image of Plaintiff Gregory Malandrucco, such that the image would no longer be returned in response to searches in Google's search engine for Mr. Malandrucco's name.  Id. at 1.  The Superior Court entered this TRO on an *ex parte* basis, without any notice to Google or any opportunity to be heard.

### Plaintiffs' Action Against Chicago Tribune

9.　　　On July 24, 2018, Plaintiffs filed in the Superior Court a nearly identical complaint and an *ex parte* Order to Show Cause against the Chicago Tribune Company LLC (the "Tribune"), which was assigned case number C-108-

- 4 -

18.  The Tribune action was removed to this Court on August 6, 2018.   True and correct copies of the Complaint and Order to Show Cause against the Tribune and the Notice of Removal are attached hereto as Exhibit B and Exhibit C, respectively.

### Diversity Jurisdiction

10.  This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship among the parties.

11.  Plaintiffs allege in their Complaint that they are residents of the state of New Jersey.  Plaintiffs therefore are citizens of New Jersey.

12.  Google is a limited liability corporation incorporated in Delaware with its principal place of business in California.  Google is not a citizen of New Jersey.

13.  The matter in controversy in this action is greater than $75,000, exclusive of interest and costs.

14.  Without conceding that there is any merit to Plaintiffs' claims or allegations, the Complaint asserts that Mr. Malandrucco is suffering "extraordinary damages every day – including financial harm and emotional distress."  Compl. ¶ 1.  On that basis, Plaintiffs seek unspecified damages, including for alleged "[i]njury to mental health" for which Mr. Malandrucco

claims to be "in ongoing treatment," as well as for "[f]inancial harm" resulting from his alleged rejection from "more than 700 employers, grants and scholarships[.]" Compl. ¶ 3.

15.    Mr. Malandrucco has a Ph.D. in Modern European History from the University of Chicago.  In his attached "Certification In Support of Order to Show Cause With Temporary Restraints," Mr. Malandrucco asserts that his "[o]ngoing financial harm" includes an "inability to secure work or repay student loans."  In a statement attached to the "Certification In Support of Order to Show Cause With Temporary Restraints", Mr. Malandrucco also asserts that he and his fiancé have spent "over ten-thousand dollars in trying to push down the image … in Google search results." Ex. A.

16.    Furthermore, Plaintiffs' action against Google is part of the same case or controversy as the Tribune action, which is now pending in this Court. See Ex. C.  Plaintiffs' Complaint against Tribune expressly asserts a claim for copyright infringement, and the Copyright Act permits the award of actual damages and profits, or alternatively statutory damages of up to $150,000 for willful infringements (17 U.S.C. § 504) as well as attorneys' fees (17 U.S.C. § 505), which should also be included in determining the overall amount in controversy.  See, e.g., Frederico v. Home Depot, 507 F.3d 188, 199 (3d Cir. 2007).

17.    From these allegations, it is plausible that the amount in controversy in this action exceeds $75,000.  28 U.S.C. § 1446(a); accord Dart Cherokee Basin Operating Co. v. Owens, 135 S. Ct. 547, 554 (2014).

18.    For these reasons, this action is removable from the Superior Court to this Court pursuant to 28 U.S.C. § 1441 on the basis of diversity jurisdiction.

### Federal Question Jurisdiction

19.    Plaintiff's pro se Complaint does not state any specific causes of action against Google, but Mr. Malandrucco has represented to the Superior Court that he is seeking to assert a claim against Google under the federal Copyright Act (17 U.S.C. § 501) based on a photograph that Mr. Malandrucco alleges he has copyrighted and which appears (as a thumbnail image) in Google's search engine results.  See Transcript of July 24, 2018 Hearing at 4:19, Gregory Malandrucco v. Chicago Tribune, Inc., Docket No. C-108-18 (N.J. Super. Ct. Ch. Div.). That is consistent with the Tribune action, in which Plaintiffs expressly assert a copyright infringement claim based on the Tribune's publication of the same photograph in a news article that appears on its website.  See Ex. B. A true and correct copy of the transcript from the July 24, 2018 hearing is attached hereto as Exhibit D.

20.    Insofar as Plaintiffs are—consistent with their representations to the Superior Court—asserting a copyright claim against Google, this Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

Such jurisdiction is exclusive. <u>See</u> 28 U.S.C. § 1338(a) ("No State court shall have jurisdiction over any claim for relief arising under any Act of Congress relating to . . . copyrights.").

21.    For these reasons, this action is independently removable from the Superior Court to this Court pursuant to 28 U.S.C. § 1441 on the basis of federal question jurisdiction.

### Supplemental Jurisdiction

22.    This Court also has supplemental jurisdiction over this action pursuant to 28 U.S.C. § 1367(a) because Plaintiffs' claims against Google, insofar as they arise under state law, are so related to Plaintiffs' claims in the <u>Tribune</u> action that they form part of the same case or controversy.

23.    Plaintiffs' Complaint in the <u>Tribune</u> action is nearly identical to its Complaint against Google. Both complaints include identical recitations of the facts giving rise to the suit and of the injuries that Plaintiffs claim to have suffered. <u>Compare</u> Ex. A, <u>with</u> Ex. B. Both complaints arise from the publication of the same photograph, which depicts Mr. Malandrucco following an incident of police brutality against him. That photograph appears in a news article published on the Tribune's website, and a thumbnail image of the photograph from the Tribune's article may appear in response to certain searches performed using Google's online search engine. Plaintiffs assert identical claims

for damages against Google and Tribune, and they seek identical remedies, essentially the removal of the photograph from Tribune's website and Google's search results.

24.    The Superior Court indicated on the record at a July 24, 2018 hearing in the Tribune action that Plaintiffs' actions against Google and the Tribune are "identical" and are being treated as procedurally "consolidated." See Ex. D, at 3:19, 5:17.

25.    Plaintiffs' claims against Google form part of the same case or controversy as Plaintiffs' claims in the Tribune action.

26.    This Court has exclusive original jurisdiction over the Tribune action because Plaintiffs have expressly asserted a claim under the federal Copyright Act. See 28 U.S.C. §§ 1331 and 1338.

27.    For these reasons, this Court has and should exercise supplemental jurisdiction over Plaintiffs' claims against Google, to the extent that Plaintiffs assert that those claims do not arise under federal law. Accord Debasio v. Life USA Holdings, Inc., No. 98-3346 (JEI), 1998 U.S. Dist. LEXIS 23760, at *8-9 (D.N.J. Aug. 27, 1998) ("When two actions are consolidated before the same district court, only one of which provides a basis for original federal jurisdiction, there is no reason why the court could not exercise supplemental jurisdiction over related state claims asserted in the other action.").

## ALLOCATION AND ASSIGNMENT OF THIS RELATED CASE

28.    Pursuant to Civil Local Rule 40.1(a), assignment of this action to the Newark Division of this District Court is proper because this action is being removed from the Superior Court in Hudson County and because Plaintiffs are residents of Hudson County.

29.    Pursuant to Civil Local Rule 40.1(c), consolidation of this action with the nearly identical Tribune action (No. 2:18-cv-12480) is proper because this action "grows out of the same transaction[.]"  The Tribune action is already pending in this Court having been removed from the Superior Court based on the presence of both federal-question and diversity jurisdiction.  See Ex. C.

30.    This action is related to the Tribune action under this Court's local rules because, as set forth above, the two cases involve the same Plaintiffs, the same underlying facts and events, identical assertions of injury and damages, and the same claims for relief.

31.    Accordingly, Google respectfully requests pursuant to Civil Local Rule 40.1(c) that this action be deemed related to the Tribune action, assigned to the same District Court Judge, and that the two actions be consolidated for further proceedings.

## CONCLUSION

32.  Google reserves the right to file additional support for this Notice of Removal by way of declarations, deposition testimony, expert testimony, discovery responses, supplemental memoranda, and/or legal argument.

33.  Google reserves all defenses it may have against Plaintiffs' claims, including that the Complaint fails to state a claim upon which relief can be granted, that the relief Plaintiffs seek violates Google's rights under the First Amendment and is barred by Section 230 of the Communications Decency Act, 47 U.S.C. § 230, and all objections that Google may have to service, jurisdiction, or venue.  Google also expressly reserves all rights with respect to the procedurally and substantively improper *ex parte* Temporary Restraining Order entered by the Superior Court on July 6, 2018.

34.  Contemporaneously with the filing of this Notice of Removal, written notice has been served upon Plaintiffs, and a copy of this Notice of Removal has been filed with the Clerk of the Superior Court as required by 28 U.S.C. § 1446(d).

WHEREFORE, Google hereby gives notice of the removal to this Court of the action pending in the Superior Court under the caption *Gregory Malandrucco and Nisha Banerjee v. Google, Inc.*, Case No. HUD-C-100-18.

Dated:  August 6, 2018

By: *s/ Patricia M. Graham*

Patricia M. Graham, Esq.
HERRICK, FEINSTEIN LLP
One Gateway Center
Newark, NJ 07102
Telephone: (973) 274-2005
Facsimile: (973) 274-6409
Email:  pgraham@herrick.com

Brian M. Willen, Esq.**
Jason B. Mollick, Esq.**
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, NY 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899
Email: bwillen@wsgr.com; jmollick@wsgr.com

*Attorneys for Defendant Google LLC*

*** application for pro hac vice admission to be filed*